

**U.S. Department of Justice**

*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*  (503) 727-1000
*Portland, OR 97204-2902*  Fax (503) 727-1117

December 24, 2013

Paul M. Ferder
Ferder, Casebeer, French & Thompson LLP
515 High Street SE
P.O. Box 843
Salem, OR 97308

      Re:    *United States v. Hugo Sonora-Barron*, Case No. 3:13-CR-00347-01-MO
             Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**: Defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment. Count 1 charges the crime of Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1). Count 2 charges the crime of Conspiracy to Distribute and Possess with Intent to Distribute more than 100 grams of heroin in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B)(i).

3.   **Penalties**: The maximum sentence for Count 1 is ten years' imprisonment, a fine of $250,000, two to three years of supervised release, and a $100 fee assessment. The maximum sentence for Count 2 is forty years' imprisonment, a mandatory minimum sentence of five years' imprisonment, a fine of $5,000,000, not more than five years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment per count by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.   **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.   **Elements and Factual Basis**:

      In order for defendant to be found guilty of **Count 1** of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

Revised 02/03/10

Paul M. Ferder
Re:  Hugo Sonora-Barron Plea Letter
Page 2

---

First, defendant knowingly possessed firearms and ammunition, specifically: A Browning Arms 9mm Hi-Power Pistol, Serial Number 511MN53578; a Zastava Model PAP M85PV 5.56x45, Serial Number M85PV000829 (an AK-47-style assault rifle); and .223 ammunition;

Second, defendant was a prohibited person and had previously been convicted of a felony offense of Possession of a Forged Instrument in the First Degree on or about April 12, 2011, in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 090130079; and

Third, the firearms and ammunition had traveled in interstate commerce.

In order for defendant to be found guilty of **Count 2** of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

First, in or about January 2013, the exact date unknown to the grand jury, continuing to on or about July 14, 2013, in the District of Oregon, there was an agreement between defendant and Salvador Rosas-Barron to distribute and possess with intent to distribute more than 100 grams of a mixture and substance containing heroin, a Schedule I controlled substance; and

Second, the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it.

Defendant admits the elements of the offenses alleged in Counts 1 and 2 of the Superseding Indictment and acknowledges that the government would prove the following facts beyond a reasonable doubt at trial:

On July 14, 2013, Portland Police responded to a residence where T.L. was identified as deceased from a possible heroin overdose. Officers learned the T.L. had used heroin brought to the residence by G.F. hours earlier. G.F. told the officers he purchased the heroin from F.S. The officers had G.F. order heroin from his supplier, F.S., and when F.S. arrived officers arrested F.S. in possession of heroin. F.S. cooperated and identified his source of supply as codefendant Salvador Rosas-Barron. Rosas-Barron would deliver two "8 balls" of heroin to F.S. every other day. F.S. stated he had been purchasing heroin from the same organization for twelve years. At the direction of law enforcement, F.S. ordered heroin from Rosas-Barron and when Rosas-Barron arrived he was arrested with approximately 40 grams of heroin packaged for distribution.

Rosas-Barron was working for his cousin, defendant Hugo Sonora-Barron. Rosas-Barron worked for defendant Sonora-Barron as a worker who defendant Sonora-Barron would dispatch to deliver various amounts of heroin to customers in the Salem/Portland metro area. Rosas-Barron worked for defendant Sonora-Barron for the previous six months as a distributor assisting defendant Sonora-Barron in selling 25 to 30 "pieces" (25 grams=1 piece) per week. Rosas-Barron was paid by defendant Sonora-Barron $900 per week as an employee.

On July 15, 2013, Portland Police officers conducted a consent search at defendant Sonora-Barron's residence and executed a search warrant at another residence in Salem used by the group as a "stash house." At defendant Sonora-Barron's residence officers located a

Paul M. Ferder
Re: Hugo Sonora-Barron Plea Letter
Page 3

---

Browning Arms 9mm Hi-Power Pistol, Serial Number 511MN53578; a Zastava Model PAP M85PV 5.56x45, Serial Number M85PV000829 (an AK-47-style assault rifle); and .223 ammunition. Officers also seized a 2007 Lincoln Navigator, Vehicle Identification Number 5LMFU28547LJ04907; a 2009 Mercedes C300, Vehicle Identification Number WDDGF54X49R069256; a 2008 Yamaha Quad 686cc, Vehicle Identification Number JY4AM14Y48C009758; and approximately $60,483.91 in United States currency.

The heroin defendant intended to deliver to F.S. was tested by the Oregon State Crime Laboratory and it was confirmed to be heroin, a Schedule I controlled substance.

Defendant was a prohibited person and had previously been convicted of a felony offense of Possession of a Forged Instrument in the First Degree on or about April 12, 2011, in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 090130079. The firearms and ammunition were not manufactured in the state of Oregon and therefore had traveled in interstate commerce

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1 is more than 1000 grams but less than 3000 grams of heroin, for a Base Offense Level of 32, prior to adjustments.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Additional Departures, Adjustments, or Variances**: If defendant accepts this offer prior to the second trial setting (February 4, 2014) and forgoes filing suppression motions, the government will recommend an additional two-level decrease in the offense level to recognize defendant's early resolution, and to achieve a reasonable sentence in light of that early resolution under the factors listed in 18 U.S.C. § 3553(a). Defendant understands that the government will seek a two-level upward adjustment in the offense level based upon his aggravating role in the offense. Defendant is free to oppose that adjustment. Defendant also understands that a multiple-count adjustment may apply.

The government agrees not to seek any other upward departures, adjustments, or variances to the advisory guideline range. Defendant is free to seek any downward departures, adjustments, or variances to the advisory guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553.

Revised 02/03/10

Paul M. Ferder
Re: Hugo Sonora-Barron Plea Letter
Page 4

10. **Government Sentencing Recommendation**: The government will recommend a sentence at the low end of the resulting guideline range.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 582(c)(2).

12. **Abandonment of Property**: By signing this agreement, defendant hereby voluntarily abandons any and all right, title, and interest to the Browning Arms 9mm Hi-Power Pistol, Serial Number 511MN53578; a Zastava Model PAP M85PV 5.56x45, Serial Number M85PV000829 (an AK-47-style assault rifle); and .223 ammunition.

13. **Forfeiture Terms**:

    A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, as set forth in Count 2 of the Superseding Indictment, specifically, a 2007 Lincoln Navigator, Vehicle Identification Number 5LMFU28547LJ04907; a 2009 Mercedes C300, Vehicle Identification Number WDDGF54X49R069256; a 2008 Yamaha Quad 686cc, Vehicle Identification Number JY4AM14Y48C009758; and approximately $60,483.91 in United States currency.

    B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the property in any civil proceeding, administrative or judicial, which has been initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

    C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

Paul M. Ferder
Re:  Hugo Sonora-Barron Plea Letter
Page 5

14. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

17. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Revised 02/03/10

Paul M. Ferder
Re:  Hugo Sonora-Barron Plea Letter
Page 6

18.  **Deadline**:  This early disposition plea offer expires if not accepted by Monday, January 10, 2014, at 12:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

PAMALA R. HOLSINGER
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

1/8/2014
Date

HUGO SONORA-BARRON
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/8/2014
Date

PAUL M. FERDER
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

1/8/14
Date

Interpreter (if necessary)

Revised 02/03/10