S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**PAMALA R. HOLSINGER**, OSB #89263
Assistant United States Attorney
pamala.holsinger@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:13-CR-00347-01-MO |
| v. | |
| HUGO BARRON-SONORA, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | Sentencing Date:  June 9, 2014 |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and through Pamala R. Holsinger, Assistant United States Attorney, respectfully submits this memorandum for defendant's sentencing, which is currently set for Monday, June 9, 2014, at 2:30 p.m.

The government agrees with the presentence writer that the total offense level would be 31 (32 for drug quantity, plus 2 for aggravating role, minus 3 for acceptance of responsibility), the defendant's criminal history category is II, and the resulting guideline range is 121 to 151 months.

**Defendant's Criminal Conduct**

The government concurs with the detailed description of the Offense Conduct described in paragraphs 14 through 30 of the Presentence Report. Specifically, on July 14, 2013, Portland Police responded to residence where T.L. was identified as deceased from a possible heroin overdose. Officers learned that T.L. had used heroin brought to the residence by G.F. hours earlier. G.F. told the officers he purchased the heroin from F.S. The officers had G.F. order heroin from his supplier F.S. and when F.S. arrived officers arrested F.S. in possession of heroin. F.S. cooperated and advised that codefendant Salvador Rosas-Barron was his source and he would purchase two "8 balls" of heroin from defendant every other day. F.S. stated he had been purchasing heroin from the same organization for twelve years. F.S. ordered heroin from codefendant Rosas-Barron and when codefendant Rosas-Barron arrived he was arrested with approximately 40 grams of heroin packaged for distribution. (PSR ¶¶ 14-17.)

Codefendant Rosas-Barron cooperated immediately with law enforcement at the time of his arrest. Codefendant Rosas-Barron worked for defendant as a drug runner who defendant would dispatch to deliver various amounts of heroin to customers in the Salem/Portland metro area. Codefendant Rosas-Barron worked for defendant for the previous six months as a distributor assisting defendant in selling 25 to 30 "pieces" (25 grams = 1 piece) per week. Defendant paid codefendant Rosas-Barron $900 per week as an employee. (PSR ¶¶ 18-21.)

On July 15, 2013, Portland Police officers went to defendant's residence that he shared with his wife. Defendant consented to a search of his residence and officers located a Browning Arms 9mm Hi-Power Pistol, Serial Number 511MN53578; a Zastava Model PAP M85PV 5.56x45, Serial Number M85PV000829 (an AK-47-style assault rifle); and .223 ammunition.

**Government's Sentencing Memorandum**            **Page 2**

Officers also seized approximately $60,483.91 in United States Currency, a 2007 Lincoln Navigator, Vehicle Identification Number 5LMFU28547LJ04907, a 2009 Mercedes C300, Vehicle Identification Number WDDGF54X49R069256, and a 2008 Yamaha Quad 686cc, Vehicle Identification Number JY4AM14Y48C009758. (PSR ¶¶ 23, 25, 26.) The currency and vehicles have been administratively forfeited to the United States by the Department of Homeland Security.

At the time of his arrest defendant admitted his role and involvement in the distribution of heroin in the Portland metro. (PSR ¶ 28.)

**Recommended Sentence**

Defendant entered a guilty plea pursuant to a plea agreement with the government to Count 1 and Count 2 of the Superseding Indictment charging him with felon in possession of a firearm and conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin. The government requests the Court adopt the findings of the Presentence Report and find that the advisory guideline range is 121 to 151 months as determined by the probation officer. Pursuant to the plea agreement, the government recommends an additional two-level decrease based upon defendant's early disposition and forgoing of filing pretrial motions. In addition, the government does not oppose a decrease of two additional levels based upon the Attorney General's endorsement of the United States Sentencing Commission's January 2014 proposal to reduce the base offense level for certain drug offenses.

The resulting advisory guideline range will be 78 to 97 months. A low-end sentence of 78 months properly addresses the statutory sentencing factors set forth in § 3553(a). It accounts for the nature and seriousness of defendant's criminal conduct—illegally possessing firearms and

distributing heroin.  It provides a proper measure of punishment, affords adequate deterrence, and promotes respect for the law.  It also takes into account defendant's lack of criminal history and characteristics, and protects the public.  The government also requests that the Court impose three years of supervised release.

Dated this 4th day of June 2014.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Pamala R. Holsinger*
PAMALA R. HOLSINGER, OSB #89263
Assistant United States Attorney
(503) 727-1000